IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA

vs.          CASE NO.: CR594-2

BOBBY LEE INGRAM

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bobby Lee Ingram ("Ingram"), who is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina, filed a petition for writ of *audita querela*. The Government filed a response, and Ingram filed a reply. For the reasons which follow, Ingram's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Ingram was convicted of one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and five counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 95). Ingram's conviction and sentence were affirmed on appeal. (Doc. Nos. 113, 114).

In 1997, Ingram filed three motions to vacate his sentence under 28 U.S.C. § 2255. (Doc. Nos. 117, 119, 121). These motions were collectively denied. (Doc. No. 136). In 2000, Ingram filed another § 2255 motion, which was dismissed. (Doc. No 140). In 2005, Ingram filed both a motion to modify his sentence under 18 U.S.C. §

3582(c)(2), and a motion for reconsideration of his sentence. (Doc. Nos. 161, 162). Both motions were denied. (Doc. Nos. 163, 164). Ingram filed another motion for reconsideration in 2006, which was again denied. (Doc. Nos. 165, 166). In 2008, Ingram filed a motion to reduce sentence, which was denied. (Doc. Nos. 170, 181). Ingram has now filed this petition for writ of *audita querela*, claiming that his life sentence is no longer valid based upon the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005).

## DISCUSSION AND CITATION TO AUTHORITY

The writ of *audita querela* "was an ancient writ used to attack the enforcement of a judgment after it was rendered." United States v. Holt, 417 F.3d 1172, 1174 (quoting Black's Law Dictionary 126 (7th ed.1999)). It was abolished in the civil context in 1946 by Rule 60(b) of the Federal Rules of Civil Procedure. Under the All Writs Act, 28 U.S.C. § 1651, adopted in 1948, it was restored in certain contexts, however. In United States v. Morgan, 346 U.S. 502, 510-511(1954), the Supreme Court noted that at least one common law writ (*coram noblis*) could be pursued in the criminal context. The Eleventh Circuit held in Holt that "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." Holt, 417 F.3d at 1176. However, the Eleventh Circuit also held that *audita querela* relief may not be granted when the relief is cognizable under § 2255.

To file a second or successive § 2255 motion, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires the movant to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th

Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a petitioner's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Ingram's requested relief is cognizable under § 2255; therefore, he cannot seek relief through a writ of *audita querela*. If Ingram's petition is construed as a § 2255 motion, this Court lacks jurisdiction to consider it, as Ingram has presented no evidence that he has obtained permission from the Eleventh Circuit to file a successive § 2255 motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Ingram's petition for a writ of *audita querela* be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE