FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

CLERK _D Taylr_
SO. DIST. O? GA

IN THE UNITED STATES DISTRICT COURT 2013 OCT 25 · A II: 43
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| BOBBY LEE INGRAM, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV513-078 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR594-02) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Bobby Ingram ("Ingram"), who is currently housed at the United States Penitentiary in Florence, Colorado, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Motion to Dismiss. Ingram did not file a Response. For the reasons which follow, the Government's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

In 1995, Ingram was convicted of one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and five counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Ingram was sentenced to life

imprisonment. (CR594-2, Doc. No. 95). Ingram's conviction and sentence were affirmed on appeal. (Id. at Doc. Nos. 113, 114).

In 1997, Ingram filed three motions to vacate his sentence under 28 U.S.C. § 2255. (Id. at Doc. Nos. 117, 119, 121). These motions were collectively denied. (Doc. No. 136). In 2000, Ingram filed another § 2255 motion, which was dismissed. (Id. at Doc. No 140). In 2005, Ingram filed both a motion to modify his sentence under 18 U.S.C. § 3582(c)(2), and a motion for reconsideration of his sentence. (Id. at Doc. Nos. 161, 162). Both motions were denied. (Id. at Doc. Nos. 163, 164). Ingram filed another motion for reconsideration in 2006, which was again denied. (Id. at Doc. Nos. 165, 166). In 2008, Ingram filed a motion to reduce sentence, which was denied. (Id. at Doc. Nos. 170, 181). Ingram then filed a petition for writ of *audita querela* and claimed that his life sentence is no longer valid based upon the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005). This motion was denied. (Id. at Doc. Nos. 197, 200, 204). Ingram then filed a motion for retroactive application of the United States Sentencing Guidelines, which was denied. (Id. at Doc. Nos. 205, 207). Still undeterred, Ingram filed a motion to exclude the use of his prior convictions to enhance his sentence. The Honorable William T. Moore, Jr., denied this motion. (Id. at Doc. No. 225).

In this Motion, Ingram contends that the United States Supreme Court's decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), provides a new statute of limitations event pursuant to 28 U.S.C. § 2255(f)(3). Ingram contends that the Alleyne decision, by which he contends the Supreme Court determined that any fact which increases a statutory minimum sentence must be alleged in an indictment

AO 72A
(Rev. 8/82)

and proven beyond a reasonable doubt, is retroactively applicable to his motion. Thus, Ingram asserts, his Motion is timely filed. The Government alleges that Ingram's Motion should be dismissed as a successive section 2255 motion.

## DISCUSSION AND CITATION TO AUTHORITY

Motions made pursuant to 28 U.S.C. § 2255 are subject to a statute of limitations period. Pursuant to section 2255(f)(3), this limitations period runs one (1) year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). A new rule of constitutional law must be made retroactive to cases on collateral review in order to benefit from § 2255(f)(3). See Dodd v. United States, 545 U.S. 353, 358 (2005). Ingram simply declares that Alleyne announces a newly recognized right which should be declared retroactively applicable. (Doc. No. 1, pp. 12–14). Such a declaration is without merit. The Supreme Court did not declare that the new rule in Alleyne is retroactive on collateral review, nor is it likely to do so. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in Alleyne has not been made retroactively applicable on collateral review, and Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), which itself is not retroactive, which indicates that Alleyne will not be made retroactively applicable); accord, In re Payne,

AO 72A
(Rev. 8/82)

___ F.3d ___, 2013 WL 5200425, at * 1–2 (10th Cir. Sept. 17, 2013).[1]  Accordingly,

Alleyne does not save Ingram's untimely section 2255 motion.

In addition to being untimely, Ingram's motion is a successive § 2255 motion.  To

file a successive § 2255 motion, the movant is required to first file an application with

the appropriate court of appeals for an order authorizing the district court to consider the

motion.  28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th

Cir. 2003).  A panel of the court of appeals must certify that the second or successive

motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005).  "Without

authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a

movant's] second or successive" motion.  Carter v. United States, 405 F. App'x 409,

410 (11th Cir. 2010).

Ingram did not receive prior authorization from the Eleventh Circuit Court of

Appeals which would permit this Court to exercise jurisdiction over this section 2255

motion.  United States v. Florence, 411 F. App'x 230, 231 (11th Cir. 2011) (absent

authorization to file a second or successive section 2255 motion, a district court lacks

subject-matter jurisdiction to consider the claims raised in the motion).  Additionally, and

as noted above, Alleyne does not satisfy the requirements of § 2255(h)(2).

---

[1] Alleyne overrules Harris v. United States, 536 U.S. 545 (2002), and holds that facts which increase mandatory minimum sentences must be submitted to a jury.  Alleyne, ___ U.S. at ___, 133 S. Ct. at 2163–64.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Ingram's Motion to Vacate, Correct, or Set Aside his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of October, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)