# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

BOBBY LEE INGRAM,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CIVIL ACTION NO.: 5:16-cv-48

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Bobby Lee Ingram ("Ingram"), who is currently incarcerated at the United States Penitentiary in Coleman, Florida, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, I **RECOMMEND** this Court **DISMISS** Ingram's Motion, **DENY** Ingram *in forma pauperis* status on appeal, and **DENY** Ingram a Certificate of Appealability.

## BACKGROUND

Ingram was convicted in this Court, after a jury trial, of: conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; five counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and aiding and abetting, in violation of 18 U.S.C. § 2. Jury Verdict, United States v. Ingram, 5:94-cr-2 (S.D. Ga. Oct. 3, 1995), ECF No. 92. The Honorable William T. Moore, Jr., sentenced Ingram to life imprisonment as to the conspiracy count and to 360 months' imprisonment as to the remaining counts, to be served concurrently. J., United States v. Ingram, 5:94-cr-2 (S.D. Ga. Dec. 14, 1995), ECF No. 95. Ingram filed an appeal, and the Eleventh Circuit Court of Appeals affirmed

this Court's judgment and sentence. Mandate, United States v. Ingram, 5:94-cr-2 (S.D. Ga. Jan. 6, 1997), ECF No. 113.

In April 1997, Ingram filed his first Section 2255 Motion, alleging ineffective assistance of counsel claims. This Court denied Ingram's Motion. R. & R. and Order, Ingram v. United States, 5:97-cv-44 (S.D. Ga. Apr. 7 and 23, 1998), ECF Nos. 4, 7. Ingram filed another Section 2255 Motion in this Court on August 16, 2013, and asserted that he should be resentenced in light of the United States Supreme Court's decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013). Mot., Ingram v. United States, 5:13-cv-78 (S.D. Ga. Aug. 13, 2013), ECF No. 1. This Court dismissed Ingram's Motion as being untimely and as being an unauthorized second or successive Section 2255 Motion. R. & R. and Order, United States v. Ingram, 5:13-cv-78 (S.D. Ga. Oct. 25, 2013, and Feb. 28, 2014), ECF Nos. 7, 13. Ingram executed the instant Section 2255 Motion—his third—on June 16, 2016, and it was filed in this Court on June 29, 2016. (Doc. 1.)

## DISCUSSION

Ingram asserts that his sentence was enhanced pursuant to the residual clause of the United States Sentencing Guidelines based on his Georgia convictions for armed robbery and possession of drugs. (Doc. 1, p. 4.) Ingram bases his assertion on the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Id. at p. 10.)

## I.     Whether Ingram can Proceed in this Court Pursuant to Section 2255

To file a second or successive Section 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216

(11th Cir. 2003). A panel of the court of appeals must certify that the second or successive

motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence that
> no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without

authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a

movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th

Cir. 2010).

Ingram did not receive prior authorization from the Eleventh Circuit Court of Appeals

which would permit this Court to exercise jurisdiction over this Section 2255 Motion. United

States v. Florence, 411 F. App'x 230, 231 (11th Cir. 2011) (absent authorization to file a second

or successive Section 2255 motion, a district court lacks subject-matter jurisdiction to consider

the claims raised in the motion).[1] As noted above, Ingram previously filed a Section 2255

motion in this Court, which was denied, and another Section 2255 Motion which was dismissed

as being untimely filed and as being an unauthorized second or successive Motion.

The crux of Ingram's assertion here is that he no longer qualifies for an enhanced

sentence under the residual clause of the Sentencing Guidelines in light of the Johnson decision.

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual

---

[1] The Court recognizes that "[t]here is, however, a small subset of claims that are not categorized as 'second or successive'—i.e., where the basis for the second habeas claim arose after the conclusion of the previous petition." Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011). Ingram's claims do not fall within this narrow exception.

clause[2] of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. Ingram could have raised any argument that he is not a career offender based on his previous state convictions in his previously filed Section 2255 motions. Thus, Ingram must seek permission from the Eleventh Circuit before he files a second or successive Section 2255 motion in this Court.

In this regard, the Court notes that the Supreme Court recently decided in Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), that Johnson applies retroactively to cases on collateral review. The Supreme Court's decision in Welch fortifies the remedy available under Section 2255(h). Welch changes the Eleventh Circuit's Section 2255(h) analysis and no longer makes Section 2255(h) automatically unavailable to petitioners such as Ingram. See In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) ("Under section 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal citations and alterations omitted)). In addition, the Eleventh Circuit has already recognized Welch's holding and Johnson's application to cases on collateral review. In re Robinson, ___ F.3d ___, No. 16-11304, 2016 WL 1583616 (11th Cir. Apr. 19, 2016). However, the Court makes no comment on the efficacy of any argument that Johnson applies to a defendant's claim in a Section 2255 motion that a sentence based on the residual clause of the career offender provision of the Sentencing Guidelines (rather than the ACCA) is

---

[2] The Armed Career Criminal Act ("ACCA") "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.'* § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

unconstitutional. See United States v. Matchett, 802 F.3d 1185, 1189 (11th Cir. 2015) (rejecting the argument that the definition of "crime of violence" in the Sentencing Guidelines is unconstitutionally vague in light of Johnson, as the vagueness doctrine "applies only to laws that prohibit conduct and fix punishments, not advisory guidelines[ ]"); see also United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) (finding that an erroneous application of the sentencing guidelines, including the career offender designation, is not cognizable on collateral review pursuant to Section 2255); but see Lucas v. United States, CIV. 15-5082-JLV, 2016 WL 552471, *3 (D.S.D. Feb. 10, 2016) (noting the "nearly identical language and interpretation of the residual clauses of the ACCA and the sentencing guideline," and finding the residual clause of the career offender provision to be unconstitutionally vague). This is the argument Ingram makes before this Court.[3]

Ingram is reminded that the filing of Section 2255 motions is governed by a statute of limitations period, and of particular significance is Section 2255(f)(3). "It is important to note that 28 U.S.C. [§] 2255(f)(3) requires that a § 2255 motion relying on a newly-recognized right must be filed within one year from 'the date on which the right asserted was initially recognized by the Supreme Court[.]'" King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) (quoting 28 U.S.C. § 2255(f)(3)). "Further, the one-year period

---

[3] The Court notes that the Supreme Court recently granted certiorari in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (June 27, 2016), to determine whether the Johnson decision applies retroactively to cases on collateral review challenging sentences enhanced under the residual clause of the Guidelines, U.S.S.G. § 4B1.2(a)(2), and whether Johnson's holding applies to the Guidelines' residual clause, rendering challenges to sentences enhanced under the Guidelines cognizable on collateral review. http://uslw.bna.com/lwrc/2801/split_display.adp?fedfid=92758627&vname=sctpsref&jd=sctps_1000_15_8544&split=0&go_back_href=/lwrc/display/sctd_tqb.adp&go_back_text=Supreme%20Court%20Today%20Navigator, last accessed July 22, 2016. The Beckles decision arose in the Eleventh Circuit, which determined Beckles was sentenced properly under the career offender provision of the Guidelines, U.S.S.G. § 4B1.1, and that the Johnson decision did not control that appeal; rather, its decision in United States v. Hall, 714 F.3d 1270 (11th Cir. 2013), concluding that the Guidelines commentary in U.S.S.G. § 4B1.2 is binding and, thus, that the possession of a sawed-off shotgun qualifies as a "crime of violence", is still good law and controlling. Beckles v. United States, 616 F. App'x 415, 416 (11th Cir. 2015). Thus, under current Eleventh Circuit precedent, it appears Ingram's contentions are barred.

prescribed by [Section] 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted[ ] and *not* from the date the newly recognized right was found to be retroactive. Id. (emphasis in original) (citing Dodd v. United States, 545 U.S. 353, 358 (2005)).

For these reasons, I **RECOMMEND** the Court **DISMISS** Ingram's Section 2255 Motion as being an unauthorized second or successive motion.

## II.     Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Ingram leave to appeal *in forma pauperis*. Though Ingram has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

6

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Ingram's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Ingram a Certificate of Appealability, Ingram is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Ingram's Motion, **DENY** Ingram *in forma pauperis* status of appeal, and **DENY** Ingram a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED**

to serve a copy of this Report and Recommendation upon Ingram.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA