IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. CR594-002 |
| ) | |
| BOBBY LEE INGRAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## O R D E R

In 1995, a jury found Defendant Bobby Lee Ingram guilty of conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846 (Count 1) and five counts of distribution of cocaine base, in violation of 21 U.S.C. § 841 (a)(1) (Counts 6, 8, 9, 10, and 14). (Doc. 266 at 3); United States v. Ingram, 831 F. App'x 454, 456 (11th Cir. 2020) (per curiam). As the United States Court of Appeals for the Eleventh Circuit summarized:

> The Presentence Investigation Report ("PSI") calculated Ingram's base offense level as 38. This determination was based in part on a finding that Ingram was responsible for 4,167 grams of crack cocaine. The PSI also classified Ingram as a career offender. According to the PSI, Ingram was subject to these statutory penalties: (1) a mandatory minimum sentence of life imprisonment for Count 1, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851; (2) a maximum sentence of 30 years for Counts 6, 8, 9, and 10, pursuant to sections 841(b)(1)(C) and 851; and (3) a sentence between 10 years and life imprisonment for Count 14, pursuant to sections 841(b)(1)(B) and 851. Based on a total offense level of 38 and a criminal history category of VI, Ingram's advisory guidelines range was calculated as 360 months to life. Because of Ingram's statutory mandatory

>   sentence of life imprisonment, however, the guideline range for Count 1 became life imprisonment under U.S.S.G. § 5G1.1(c)(2).

Id. The Court sentenced Defendant to life imprisonment as to the conspiracy count and to 360 months' imprisonment as to each of the remaining counts, to be served concurrently. (Doc. 95); Ingram, 831 F. App'x at 456. The Eleventh Circuit affirmed Defendant's convictions and sentences on appeal. United States v. Ingram, 100 F.3d 971 (11th Cir. 1996) (unpublished table opinion).

On January 18, 2019, Defendant filed a motion for reduced sentence under the First Step Act of 2018. (Doc. 251.) Defendant requested concurrent sentences of 360 months for Count 1 and 262 months for Counts 6, 8, 9, 10, and 14. (Id. at 6.) The Government opposed Defendant's motion, arguing Defendant's mandatory sentence remained life in prison even under the First Step Act. (Doc. 252 at 1.) On March 28, 2019, the Court denied Defendant's motion, explaining that Defendant was ineligible for a sentence reduction pursuant to the First Step Act because he was subject to a mandatory life sentence for committing a federal drug offense involving 280 grams or more of crack cocaine after being previously convicted of two felony drug offenses. (Doc. 257 at 2; Doc. 257, Attach. 1.)

Defendant appealed this Court's denial of his motion to the Eleventh Circuit.¹ (Doc. 258.) On October 14, 2020, the Eleventh Circuit affirmed in part and vacated in part this Court's order and remanded the case for further proceedings.² Ingram, 831 F. App'x at 459.

In its opinion, the Eleventh Circuit explained that Defendant's offenses for Counts 1 and 14 qualify as "covered offenses" under the First Step Act. Id. at 457. A district court is not authorized to reduce a defendant's sentence, however, "if the sentence would necessarily remain the same under the Fair Sentencing Act." Id. at 458 (citing United States v. Jones, 962 F.3d 1290, 1303 (11th Cir. 2020)). Accordingly, the Eleventh Circuit affirmed this Court's determination that Defendant was ineligible for a First Step Act sentence reduction as to Count 1 because he had been sentenced to the lowest possible penalty - life imprisonment - that would be available to him under the Fair Sentencing Act. Id. Conversely, the Circuit Court determined that Defendant was eligible for a sentence reduction under the

---

¹ On appeal, Defendant abandoned his argument that he is eligible for a reduction in sentence as to Counts 6, 8, 9, and 10. Ingram, 831 F. App'x at 456 n.4.
² However, in December 2020, a judge of the Eleventh Circuit withheld issuance of the mandate in this appeal. (Doc. 288.) The Eleventh Circuit vacated the order withholding its mandate on May 3, 2021. (Doc. 289.) The Eleventh Circuit issued its mandate making the October 14, 2020, opinion the judgment of the court on November 26, 2021. (Doc. 290.)

3

Fair Sentencing Act for Count 14 and further consideration by this Court was warranted. Id.

At his original sentencing in December 1995, this Court found Defendant responsible for a total of 4,167 grams of crack cocaine, which reflected his total criminal conduct during the entire conspiracy. (Doc. 266 at 4.) However, given the relevant conduct provisions, see U.S.S.G. § 1B1.3, and multiple-count grouping rules, see U.S.S.G. §§ 3D1.2(d) and 3D1.3(b), of the Sentencing Guidelines, the Court was not required to make specific drug-quantity findings as to Count 14 for sentencing purposes. Further, the Indictment filed in this case did not allege a specific quantity of cocaine base distributed by Defendant as to Count 14. Nonetheless, the application of the statutory penalties in 21 U.S.C. § 841(b)(1)(B) (1992) at the time Defendant was sentenced necessarily indicates that the amount of cocaine base attributed to Defendant for Count 14 was 5 grams or more, but less than 50 grams.

The Court now finds Defendant accountable for the minimum quantity of 5 grams of cocaine base as to Count 14. As such, under the Fair Sentencing Act, Defendant is now subject to a statutory penalty of not more than 30 years of imprisonment and a supervised release term of at least 6 years as to Count 14. 21 U.S.C. §§ 841(b)(1)(C) and 851 (2019).

The Court has carefully reviewed all aspects of Defendant's case, as well as the 18 U.S.C. § 3553(a) factors. At the time Defendant committed his federal offense, Defendant was under state parole supervision. (Doc. 266 at 7.) Moreover, at the time of his original sentencing, Defendant had prior felony convictions for crimes of violence and a controlled substance offense, and he was classified as a career offender. (Id.) This Court has determined that the advisory guideline range in the instant case has not changed.[3] At the time of his original sentencing, Defendant was sentenced to a term of 360 months of imprisonment and a term of supervised release of 8 years as to Count 14. Both of those penalties are within the statutory penalties authorized under the Fair Sentencing Act. Based on the foregoing, Defendant's motion (Doc. 251) is **DENIED**.[4]

SO ORDERED this 12th day of January 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] To be clear, the Eleventh Circuit affirmed this Court's determination that Defendant is still subject to a mandatory minimum term of life imprisonment as to Count 1. Ingram, 831 F. App'x at 458.

[4] Defendant's Motion to Stay Further Proceedings on Defendant's First Step Act Motion (Doc. 292 at 1) pending resolution of his forthcoming petition for certiorari is **DENIED**.